The action was commenced in the county court and a judgment being there obtained by the lessors of the plaintiff, it was removed into (258) the Superior Court by certiorari. In his petition and affidavit for the certiorari the defendant stated, among other things, that the land in controversy was sold under an execution upon a judgment against him at the instance of one Robert Simonton; that one George L. Davidson became the purchaser at a certain price, with the understanding that the defendant should redeem the same; and that Davidson afterwards conveyed the land to his daughter, the feme lessor of the plaintiff and wife of the other lessor. On the trial in the Superior Court the only evidence of title offered by the lessors of the plaintiff was the petition and affidavit above stated; but his Honor deeming that insufficient, directed a nonsuit, and the lessors of the plaintiff appealed. *Page 205 
There is no ground for setting aside this nonsuit. The affidavit of the defendant for a certiorari might have been properly read in evidence against him to establish any facts which were of a character to be proved by mere admissions or representations of a party. But the affidavit was not an admission of record. It properly formed no part of the record, for that consisted of the pleadings only — and these distinctly put in issue the title of the plaintiff's lessors. This title was alleged to have been derived to them from the conveyance of Davidson, who derived his title from the conveyance of the sheriff, who derived his authority from an execution issued upon a judgment. Now these were matters not to be proved by witnesses — nor by admissions equivalent at best but to proof by witnesses — but by the exhibition of the deeds, execution and judgment. The affidavit carried with it no more binding effect than would an admission by a defendant in an answer in chancery. And it has been held that such an admission is but secondary evidence of the execution of a deed, and does not supersede the necessity of proving it by the subscribing witness. Call v. Dunning, 4 East, 53; Abbott v. Plumb, Doug., 216. And certainly it does not supersede the necessity of exhibiting the deed to speak for itself. (259)
The judgment below is affirmed with costs.
PER CURIAM. Judgment affirmed.
Cited: Coble v. Coble, 82 N.C. 342; Mason v. McCormick, 85 N.C. 228;Black v. Baylees, 86 N.C. 533.